IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ILLINOIS EXTENSION PIPELINE
COMPANY, L.L.C.

Plaintiff,

v.

ROBERT M. PHELPS and WAUNETA
FERN PHELPS,

Defendants.                                             No. 15-0575-DRH-PMF

## MEMORANDUM and ORDER

HERNDON, District Judge:

### I. Introduction

Pending before the Court is plaintiff Illinois Extension Pipeline Company, L.L.C.'s ("IEPC") motion for judgment on the pleadings pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(c) against defendants Robert M. Phelps and Wauneta Fern Phelps ("defendants") (Doc. 16). Defendants filed an opposing response (Doc. 19) to which IEPC replied (Doc. 21). IEPC also filed a motion to dismiss defendants' counterclaim for declaratory judgment (Doc. 17), to which defendants have responded (Doc. 20). IEPC also filed a reply to that response (Doc. 22). For the reasons discussed herein, IEPC's motion for judgment on the pleadings (Doc. 16) and motion to dismiss defendants' counterclaim for declaratory judgment (Doc. 17) are granted.

## II.     Background and Allegations

IEPC (formerly known as Enbridge Pipelines (Illinois) L.L.C.) filed its complaint in this Court on May 22, 2015, based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332. (Doc. 1). In its Complaint, IEPC contends that it is the current owner of a pipeline right-of-way that runs across a tract of land (Tract 12-009) owned by defendants in Fayette County, Illinois. (Doc 1 ¶¶ 6-7). Defendants are successors to the grantors of this right-of-way, referred to as the "1939 Luxor Easement." (Doc. 1 ¶ 7). The 1939 Luxor Easement is part of a series of easements obtained by IEPC's predecessors in 1939 for the installation of a pipeline between the towns of Heyworth and Patoka, Illinois, referred to as the "Luxor Line." (Doc. 1 ¶ 8).

IEPC is currently constructing a new underground pipeline for the transportation of crude oil in interstate commerce, referred to as the "Southern Access Extension (SAX) Pipeline." (Doc. 1 ¶ 8; Doc. 21 P1). IEPC contends that it may use its 1939 Luxor Line easement rights to construct the SAX Pipeline across many tracts along the route, including defendants' Tract 12-009. (Doc. 1 ¶ 8). The 1939 Luxor Easement contains language that the owner of the easement has "the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe line…." (Doc. 1-1). According to IEPC's complaint, defendants dispute the validity of IEPC's

rights under the 1939 Luxor Easement and contend that IEPC does not have any right to lay the SAX Pipeline. (Doc. 1 ¶ 11). Therefore, IEPC's complaint seeks declaratory relief, pursuant to 28 U.S.C. § 2201, affirming that the 1939 Luxor Easement is valid and enforceable according to its terms and gives IEPC all the rights set forth therein. (Doc. 1 Prayer for Relief).

Defendants filed their answer on June 22, 2015. (Doc. 11). In their answer, defendants admit the jurisdiction and venue allegations of the complaint. (Doc. 11 ¶¶ 1-5). Defendants also admit that IEPC owns the 1939 Luxor Easement applicable to Tract 12-009 and that defendants are the current owners of Tract 12-009 and are the successors to the grantors under the 1939 Luxor Easement. (Doc. 11 ¶¶ 6-7). Notably, the defendants admit that the 1939 Luxor Easement is valid and enforceable according to its terms. (Doc. 11 ¶ 11). However, defendants deny that the 1939 Luxor Easement provides IEPC with the necessary authority to construct, operate, and maintain the SAX Pipeline. (Doc. 11 ¶ 11).

Defendants pleaded a counterclaim along with their answer. (Doc. 11). The counterclaim seeks declaratory relief determining that the 1939 Luxor Easement does not give IEPC the right to construct, operate, and maintain the SAX Pipeline and that IEPC must obtain a new right-of-way grant for the SAX Pipeline. (Doc. 11).

In recent years there has been extensive litigation surrounding IEPC's Luxor Line easements. In every case, district courts, including the undersigned, have consistently concluded that IEPC's easement rights continue to be valid and enforceable.[1] The Seventh Circuit Court of Appeals affirmed several of these decisions in 2011. *See Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602 (7th Cir. 2011). Thus, no court has ever found that IEPC's Luxor Line easement rights are not still valid and enforceable.

### III. Motion to Strike

Before addressing IEPC's Motions, the Court notes that defendants filed a motion to strike IEPC's reply briefs (Doc. 23) along with a supporting memorandum (Doc. 24). Defendants contend that there are not "exceptional circumstances" under Local Rule 7.1(c) warranting these replies. (Doc. 23 ¶¶ 3-5). Defendants also argue that the briefs should be stricken under Federal Rule of Civil Procedure 12(f), which provides that "[t]he court may strike from a pleading…any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). (Doc. 23 ¶¶ 7-8). IEPC filed an opposition to defendants' Motion to Strike. (Doc. 25). After

---

[1] Litigation surrounding the IEPC Luxor Line in the Southern District of Illinois, Central District of Illinois, and on appeal with the Seventh Circuit, held the easements to be valid in each of the following cases: *Enbridge Pipelines (Illinois) L.L.C. v. Burris*, No. 08-cv-697 (S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Portz,* No. 08-cv-841(S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Hortenstine*, No. 08-cv-842 (S.D. Ill. 2010); *Enbridge Pipelines (Illinois) L.L.C. v. Preiksaitis*, 2:08-cv-02215-HAB-DGB (C.D. Ill. Feb. 1, 2010); *Kelly v. Enbridge (U.S.) Inc.*, No. 07-3245, 2008 WL 2123755 (C.D. Ill. May 16, 2008).

reviewing the replies (Doc. 21 & 22), motion to strike (Doc. 23), memorandum in support (Doc. 24), and response in opposition (Doc. 25), the Court finds that IEPC's replies comply with Local Rule 7.1(c) and do not violate Federal Rule 12(f). *Novak v. Bd. of Trustees of S. Illinois Univ.*, 777 F.3d 966, 974 n.9 (7th Cir. 2015) (district courts are "entitled to considerable deference in the interpretation and application of their local rules"); *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (district courts have "consideration discretion" in applying Rule 12(f)). Accordingly, the Court denies the defendants' motion to strike.

### IV. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed.R.Civ.P. 12(c); *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). A court may grant judgment on the pleadings under Rule 12(c) when the "court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). The Court, in ruling on a motion for judgment on the pleadings, must accept as true all well-pleaded allegations. *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir. 2000); *Thomas v. Guardsmark, Inc.*,

381 F.3d 701, 704 (7th Cir. 2004). "The [C]ourt may consider only matters presented in the pleadings and must view the facts in the light most favorable to the nonmoving party," but is "not bound by the nonmoving party's legal characterizations of the facts." *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

If the Court considers evidence outside the pleadings, a motion for judgment on the pleadings is treated as one for summary judgment. Fed.R.Civ.P, 12(d). However, a district court may take judicial notice of matters of public record, as well as orders and exhibits attached to the pleadings, without converting a Rule 12(c) motion into a motion for summary judgment. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). The Court now turns to IEPC's arguments seeking judgment and dismissal.

## V. Analysis

IEPC seeks a declaration that this 1939 Luxor Easement "is valid and enforceable according to its terms and gives Illinois Extension Pipeline Company, L.L.C., all the rights set forth therein." (Doc. 1).[2] IEPC contends

---

[2] In order to be entitled to a declaratory judgment there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). Defendants contend that because they have admitted the 1939 Luxor Easement is valid and enforceable, there is no controversy here. (Doc. 19 P2). The Court disagrees. Defendants admit in their Answer that there is indeed a controversy between IEPC and defendants as to the enforceability of the 1939 Luxor Easement. (Doc. 11 ¶ 13). Defendants also failed to contest the allegation in the Complaint that the defendants dispute the validity of IEPC's rights under the 1939 Luxor

that judgment on the pleadings in its favor is appropriate because the defendants' Answer admits virtually all allegations of IEPC's Complaint. (Doc. 16 ¶ 2). According to IEPC, defendants' denial that the 1939 Luxor Easement gives IEPC the authority to construct the SAX Pipeline is irrelevant because IEPC never sought such a declaration. (Doc. 16 ¶ 3).

As noted above, the Seventh Circuit has affirmed a series of district court judgments finding that IEPC's 1939 easements are still valid and enforceable. *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602 (7th Cir. 2011). The 1939 Luxor Easement in this case is in essence indistinguishable from the easements previously upheld. (Doc. 1-1). Indeed, defendants do not even attempt to distinguish the easement at issue in this

---

Easement and contend that IEPC does not have any right to lay this second pipeline. (Doc. 1 ¶ 11). *See, e.g.*, *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991) (the court regards as true all uncontested allegations to which the parties had an opportunity to respond). Although defendants have acknowledged the easement is valid, they persist in raising arguments about its meaning suggesting that they do in fact dispute IEPC's rights under the easement. This is sufficient to establish the existence of a real and justiciable controversy between the parties as contemplated by the Declaratory Judgment Act, 28 U.S.C. § 2201. *Knight v. Enbridge Pipelines (FSP) L.L.C.*, 759 F.3d 675, 677 (7th Cir. 2014) ("[T]he existence of competing claims to real estate means that the controversy is real.").

Additionally, defendants have raised this lack of controversy argument for the first time in their opposing Response. (Doc. 19). The Court, in ruling on a judgment on the pleadings, is constrained to the facts contained in the pleadings. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). Therefore, the Court need not even consider defendants' eleventh-hour contention that there is no controversy here. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 453 & n.5 (7th Cir. 1998) (Motions and memoranda in support of motions are "not part of the pleadings" and are "clearly outside the scope of Rule 12(c).").

case from those other easements, but simply deny that the enforceability of this particular easement has ever been litigated. (Doc. 11 ¶ 9).

Defendants admit that the 1939 Luxor Easement is valid and enforceable according to its terms. (Doc. 11 ¶ 11). Defendants make no response to the allegation in the complaint that the easement "gives IEPC all the rights set forth therein." (Doc. 1 ¶ 11). "A defendant whose answer fails to contest critical averments in the complaint will, on motion, suffer a judgment on the pleadings…." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 521-22 (1993). Defendants do deny that the easement provides IEPC "authority to construct, operate and maintain its proposed SAX pipeline." (Doc. 11 ¶ 11). But as IEPC rightly notes in its motion, this denial is irrelevant because IEPC never asked this Court to determine whether the easement provides such authority. (Doc. 16 ¶ 3).

The Court finds that the Seventh Circuit's decision in *Enbridge Pipelines (Illinois) L.L.C. v. Moore* controls and that the easement in this case is indistinguishable from the easements found to be valid and enforceable there. Moreover, defendants have admitted that the 1939 Luxor Easement is valid and enforceable according to its terms, and have failed to contest the contention that the 1939 Luxor Easement gives IEPC all the rights set forth therein. Therefore, the Court finds that IEPC is entitled to judgment on the pleadings as to the declaration sought in its complaint.

### VI. Motion to Dismiss

When ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must look to the pleading to determine whether it satisfies the threshold requirements under Federal Rule of Civil Procedure 8. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8. A pleading will survive a Rule 12(b)(6) motion if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, a court may grant dismissal of a counterclaim for failure to state a claim if the "nonmoving party can prove no set of facts consistent with its…counterclaim that would entitle it to relief." *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995).

As with a motion for judgment on the pleadings, if the Court considers evidence outside the pleadings it must convert the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). The Court must accept "all well-pleaded allegations in the counterclaim as true and draw[] all reasonable inferences in favor of the counterclaim plaintiff." *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001). But "conclusory statements of law" and "unwarranted inferences" contained in the counterclaim are insufficient to defeat a 12(b)(6) motion. *Peters*, 69 F.3d at

129. And a party "can plead himself out of court by unnecessarily alleging facts which…demonstrate that he has no legal claim." *Trevino v. Union Pac. R. Co.*, 916 F.2d 1230, 1234 (7th Cir. 1990).

### VII.   Analysis

Defendants' counterclaim seeks declaratory relief determining that the 1939 Luxor Easement does not give IEPC the right to construct, operate, and maintain the SAX Pipeline and that IEPC must obtain a new right-of-way grant for the SAX Pipeline. (Doc. 11). IEPC sets forth three grounds for dismissing defendants' Counterclaim: inadequate pleading, preemption, and lack of justiciable controversy. (Doc. 17).

The Court finds that defendants' Counterclaim does not present a justiciable controversy. The 1939 Luxor Easement expressly grants the owner of the easement (IEPC) "the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe line." (Doc. 1-1). The Easement also requires IEPC to agree "to bury such pipe lines so that they will not interfere with the cultivation of the land." (*Id.*). Defendants contend that the SAX Pipeline poses a safety risk that is incompatible with farming and therefore not covered under the 1939 Luxor Easement. (Doc. 11).

In a similar case, Chief Judge Shadid of the Central District of Illinois found that section 60104(c) of the Pipeline Safety Improvement Act of 2002, 49 U.S.C. §§ 60101, *et seq.*, preempted enforcement of this "farmability" provision. *Knight et al v. Enbridge Pipelines (FSP) LLC et al.*

12-cv-01244-JES-JEH (C.D. Ill.) (Doc. 33). On appeal, the Seventh Circuit found that Judge Shadid should have simply dismissed this claim because the landowner's assertion that the new "pipeline would be incompatible with farming the surface is just speculation." *Knight v. Enbridge Pipelines (FSP) L.L.C.*, 759 F.3d 675, 677 (7th Cir. 2014). The Seventh Circuit explained that only if the pipeline actually "prevents using the land for agriculture would it be necessary (or for that matter prudent) to determine" the applicability of the farmability provision. *Id.* Here, until IEPC has completed construction of the pipeline and surface restoration work, the Court cannot properly determine whether IEPC has met any requirements it might have to avoid interfering with the cultivation of the land. At that time, if defendants do not believe IEPC kept its "promise[] to leave the surface farmable" under the 1939 Luxor Easement, they can, as the Seventh Circuit noted, address such a failure "under the law of contract." *Id.*

Defendants argue in their response to IEPC's motion that *Knight* is distinguishable because IEPC is actually currently constructing the SAX Pipeline, whereas in *Knight* the construction was merely anticipated. (Doc. 20). The Court disagrees that this distinction creates a justiciable controversy. Until IEPC completes post-construction surface restoration, this Court is unable to assess whether IEPC has kept its promise to leave the surface farmable. Thus, this issue is not yet ripe for judicial review. *See*

*Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.").

Moreover, defendants' counterclaim is a request for declaratory relief. Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), this Court has discretion "to stay or to dismiss an action seeking a declaratory judgment" based on "considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Thus, based on the above considerations regarding the Court's inability to determine whether IEPC has kept its promises under the 1939 Luxor Easement, the Court exercises its discretion to dismiss this declaratory judgment request. Because the Court has determined that no justiciable controversy exists, the Court does not determine whether defendants' Counterclaim should be dismissed based on the grounds of inadequate pleading[3] or preemption.

### VIII. Conclusion

Accordingly, IEPC's Motion for Judgment on the Pleadings (Doc. 16) as to the single Count in IEPC's Complaint is **GRANTED**. The Court

---

[3] The Court notes that defendants' interpretation that the "farmability" provision implies some nebulous safety standard is the very type of "unwarranted inference" not supported by factual assertions that has been held insufficient to defeat a motion to dismiss. *N. Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *Palda v. Gen. Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995) (a pleading "which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)").

**DECLARES** that the 1939 Luxor Easement applicable to Tract 12-009 is valid and enforceable according to its terms and thereby gives IEPC the rights set forth therein. Also, IEPC's motion to dismiss defendants' counterclaim for declaratory judgment (Doc. 17) is **GRANTED**. Further, defendants' motion to strike (Doc. 23) is **DENIED.**

The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 10th day of February, 2016

Digitally signed by Judge David R. Herndon
Date: 2016.02.10 10:20:41 -06'00'

**United States District Judge**